■ NORMAN ANHALT, Appellant, v. FRANK ABRAMS et al., Respondents.— Order, entered on December 13, 1963, denying plaintiff's motion to advance

the cause to Trial Term Day Calendar of the Supreme Court, New York County, of December 12, 1963, or to set the cause down for a day certain and to mark it peremptorily against defendants, unanimously affirmed, without costs. On the call of the calendar on November 21, 1963, after the case had theretofore been adjourned on two occasions, defendants moved for a further adjournment based upon the same reason advanced for the prior adjournments, namely, that one of the defendants, Mr. Abrams, the operator of the vehicle which allegedly caused the accident, was an Ensign in the United States Navy serving aboard a ship in the Mediterranean Sea. The case was adjourned to January 27, 1964. Defendants assert that Mr. Abrams will not return to the continental United States until after June, 1964. While we recognize plaintiff's predicament, there can be no question that it was no abuse of discretion to grant the adjournment under the circumstances. However, we shall set this case for the Day Calendar of March 2, 1964, with directions to defendants' attorney to take steps to ascertain if the Navy can make Mr. Abrams available for the trial on March 2. Failing a showing that Mr. Abrams' absence is due to the Navy's refusal to allow him to be present, further extension should not be granted on this ground. Upon a showing by defendants' counsel at that time that reasonable efforts to obtain Mr. Abrams' presence at the trial for the March date have proven unsuccessful, plaintiff may then apply to the trial court to fix a date peremptorily for trial. In fixing such peremptory date, the court shall consider the prospective date of Mr. Abrams' return to this country or the alternative method of obtaining his testimony by deposition. Settle order on notice. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.