Richard D. Rosenbloom, J.
This is a motion by respondent to set aside an order declaring him to be the father of a child born to petitioner. The grounds for the motion are that respondent was and still is in the military service and that he was prejudiced in his defense by reason thereof.
On July 13, 1976, respondent was personally served with a copy of the summons and petition at 275 Wisconsin Street, Rochester, New York. On the return date, petitioner’s attorney advised the court that respondent was in the Marine Corps in North Carolina and that he had been served while home on leave. The case was placed on the Trial Calendar for a hearing. From July to November, 1976, respondent took no steps to appear, defend or stay this proceeding. Following notice to respondent, a hearing was held on November 1, 1976 and an order was made finding him to be the father of a child born out of wedlock to petitioner and requiring him to pay $25 per week for support and $10 per week for medical and *148 hospital expenses. A copy of the court’s order was sent to respondent by certified mail in November, 1976.
Subdivision 2 of section 303 of the Military Law provides: "If any judgment shall be rendered in any action or proceeding against any person in military service during the period of such service, or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or proceeding, or to some part thereof.”
Petitioner contends that respondent’s application is not timely since it was not made within 90 days after service of process and that respondent had adequate notice of the proceeding and could have taken steps to defend and protect himself. The court interprets the phrase "not later than ninety days after the termination of such service” to refer to military service rather than to service of process and holds that respondent’s application is timely made.
The purpose of the statute which is a part of the "Soldiers’ and Sailors’ Civil Relief Act” is to ensure that persons in the military service are fully informed of legal proceedings and have adequate time and opportunity to appear and protect their rights. Although this respondent had notice of the proceeding, he was stationed in North Carolina, approximately 700 miles from Monroe County, and is thereby considered to have been prejudiced in making his defense by reason of military service. In his affidavit in support of this motion, respondent contends that he is not the father of the child in question, which is held to constitute a meritorious defense. Accordingly, the order of this court made on November 1, 1976 and entered on November 18, 1976 is hereby vacated and respondent is permitted to defend this proceeding on the conditions set forth hereafter.
At the time of this motion, respondent was stationed in Okinawa and submitted documents showing that he would be on active duty with the Marine Corps until December, 1979. Petitioner’s child is now 15 months old and it would be unfair to her and the child to stay this proceeding until the termina *149 tion of respondent’s military service. It would appear that respondent may be entitled to leave time or could make other arrangements to be returned to Rochester for a legal proceeding of this great importance to him.
Respondent may have a period of 15 days from the date of this decision to file and serve an answer. If he wishes a bill of particulars, he may have a period of 30 days to submit a demand. He may have a period of 90 days from the date of this decision to arrange for his return to Rochester for a blood-grouping test, if desired, and a hearing on the merits of the petition. Respondent’s counsel may apply for an extension of time if his diligent efforts are delayed by the Marine Corps and may apply for a day certain on the Trial Calendar. In the event the foregoing conditions are not complied with, the original order made November 1, 1976 may be reinstated without further hearing.