█ KARIMA ZAKI, an Infant, by MOUSTAFA ZAKI, Her Parent and Natural Guardian, et al., Appellants, v SCOTT W. BRYAN et al., Defendants and Third-Party Plaintiffs-Respondents. COUNTY OF ORANGE, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Orange County, entered June 24, 1977, which denied their motion to remove the action from the Military Suspense Calendar and restore it to the Ready Day Calendar and (2) a further order of the same court, entered September 13, 1977, which denied their motion to sever the action as against defendant Scott W. Bryan. Order entered September 13, 1977 affirmed, without costs or disbursements. Order entered June 24, 1977 modified, by adding thereto a provision granting plaintiffs leave to renew their application to restore the action to the Ready Day Calendar by a motion returnable September 5, 1978. As so modified, said order affirmed, without costs or disbursements. Defendant Scott W. Bryan enlisted in the United States Army for a three-year tour of duty in June, 1976. On or about March 10, 1977, two months after the case was placed on the Ready Day Calendar, the said defendant's application to remove it therefrom and to place it upon the Military Suspense Calendar was granted. We believe Trial Term acted within its discretion in denying plaintiffs' application to restore the action to the Ready Day Calendar in view of the fact that defendant Bryan is presently stationed in Germany. However, since Bryan is entitled to 30 days' annual military leave, we are not convinced that he is unable to obtain permission from his superior officer to use a portion of such leave for the purpose of appearing at the trial of this action. Accordingly, plaintiffs may make a similar application, returnable September 5, 1978, to restore the case to the Ready Day Calendar. Bryan's counsel is directed to ascertain whether the Army will make his client available for trial, either on that date or within 30 days thereafter (cf. *Anhalt v Abrams,* 20 AD2d 687). Absent a showing that the Army will not permit Bryan to attend a trial during such 30-day period, or at any reasonable time thereafter, the case may be restored to the Ready Day Calendar without a further hearing (cf. *Anhalt v Abrams, supra; Matter of Feldman v Grelewicz,* 91 Misc 2d 147). Upon a showing, on the return of the new application, that reasonable efforts to obtain Bryan's presence were unsuccessful, plaintiffs may then apply to Trial Term to have a date fixed preemptorily for trial. In fixing the date, Trial Term should consider the prospective date of Bryan's return to the continental United States, or the alternative method of obtaining his testimony by deposition (cf. *Anhalt v Abrams, supra; Wuster v Levitt,* 267 App Div 918). Martuscello, J. P., Titone, Suozzi and Cohalan, JJ., concur.